(No. 2317—

NATIONAL LOCK CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

HALL & DUSHER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed to recover the sum of $550.98 under the Motor Fuel Tax Law, claimed as a refund on gasoline used in the Plating Department of claimant's factory. The claim was filed with the Department of Finance on December 11, 1933 and payment of such refund was declined by that department under the statement, "That it was without authority to accept claims for refund on gasoline which had been purchased more than six months prior to the date of the filing of the claim."

The claim consists of three items:

| | |
|---|---|
| Tax paid on 6,555 gallons of gasoline purchased on February 12, 1932 | $196.65 |
| Tax paid on 5,922 gallons of gasoline purchased on May 26, 1933 | 177.66 |
| Tax paid on 5,889 gallons of gasoline purchased on January 9, 1933 | 176.67 |
| Total tax | $550.98 |

Claimant alleges that it requires from three to five months to use a tank car of gasoline; that it was the duty of claimant's purchasing agent to file a claim for tax refund with the Department of Finance; that C. G. Strote was employed as such purchasing agent and that through his negligence, the claim was not filed. Claimant further states that the Purchasing Agent, Strote, was thereafter transferred

because of general negligence and other unsatisfactory conduct.

The proof supports these statements: The Attorney General has filed a motion to dismiss the claim for the reason it does not state any cause against the State for which an award may be allowed, due to the fact that no claim for such refund was filed with the Finance Department within six months after the date on which the motor fuel was lost or used by the claimant. Claimant in its Reply Brief contends that the case at bar (Page 2 Reply Brief) is similar to the cases cited by the respondent, where a franchise tax is paid through "a mutual mistake of fact"; claimant contends that the State has agreed it would make refunds when the gasoline for which a tax has been paid has not been used for motor vehicles on the highways and that the requirements that the claim for refund must be filed with the Department of Finance within six months after the date on which the motor fuel was used, is only an administrative convenience; that the right for a refund continues after the six months period regardless of whether a claim is filed within that time, or whether claim is filed with the Finance Department, but that after such six months the Claims must be filed with the Court of Claims.

Comparison of the case at bar with those where a "mutual mistake of fact" has been made, is not good, for the reason that no mistake has been made by anyone in regard to assessment or payment of the tax in question, and the only mistake apparent is the misplaced confidence of claimants in their Purchasing Agent, Strote, and in his failure to apply for a refund within the period of limitation. He was an employee and agent of said claimants for whom they alone were responsible.

It is unfortunate that claimant must suffer loss through the acts of its agents, but in the absence of a legal claim to such refund, this court is without authority to allow same.

"The provision of Paragraph 4, Section 6 of Court of Claims Act with reference to 'equity and good conscience' defines the jurisdiction of the court and does not create a new liability against the State. The jurisdiction of the court is limited to claims under which the State would be liable in law or equity if it were suable. Where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principals of 'equity and good conscience' to secure one."

### Crabtree vs. State, 7 C. C. R. 207.

"Whenever the amount of the franchise tax is computed and collected by the Secretary of State in accordance with law, based on information submitted by the claimant, a claim for rebate of a part thereof alleged to have been excessive on account of error in the information furnished by the claimant, will be denied."

### Seiders Inc. vs. State, 7 C. C. R. 9.

"Taxes voluntarily paid cannot be recovered unless there is a statute authorizing such recovery."

### Wm. Wrigley Jr. Co. vs. State, 7 C. C. R. 163.
### Richardson, etc. vs. Kinney, 337 Ill. 122.
### M. & H. Clothing Co. vs. State, 7 C. C. R. 139.

Section 13 of the Motor Vehicle Act, specifically provides that claims for reimbursement must be filed not later than six months after the date on which the motor fuel was lost or used by the claimant; that the claim shall be made in accordance with certain forms prescribed by the Finance Department and that, that department may make suitable investigation as it deems necessary. Specific authority for refunds having been made by a specific Statute, and the method of obtaining such refund having been specifically prescribed, the court is of the opinion that a failure to show compliance with those provisions is a bar to an award by this court.

It is apparent that no refund can be allowed as to *two shipments,* but as to the one purchased May 26, 1933 an award is justified, as the claim has been filed within the time of limitation.

An award is therefore made in the sum of One Hundred Seventy-seven Dollars and Sixty-six Cents ($177.66).